# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY GUZOWSKI,<br>　　　　Plaintiff | )<br>)<br>) | C.A. No. 14-246 Erie |
| v. | )<br>)<br>) | District Judge Rothstein<br>Magistrate Judge Baxter |
| GE TRANSPORTATION,<br>　　　　Defendant. | )<br>) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.　　RECOMMENDATION

It is respectfully recommended that Defendant's motion for summary judgment [ECF No. 31] be granted.

### II.　　REPORT

#### A.　　Relevant Procedural History

On September 24, 2014, Plaintiff Kimberly Guzowski filed a complaint against Defendant GE Transportation, asserting three claims: (1) a claim of age discrimination pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq. ("ADEA"); (2) a gender discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"); and (3) claims of age and gender discrimination pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA"). As relief for her claims, Plaintiff seeks injunctive relief and monetary damages, and attorney's fees.

Defendant filed an answer to Plaintiff's complaint on November 17, 2014, and the parties have since completed discovery. On September 17, 2015, Defendant filed a motion for summary

judgment, contending that Plaintiff has failed to establish a *prima facie* case of either age or gender discrimination and, alternatively, that Plaintiff cannot carry her burden of proving that Defendant's legitimate, nondiscriminatory reason for terminating her employment was a pretext. [ECF No. 31]. In response, Plaintiff has filed a brief in opposition to Defendant's motion for summary judgment, in which Plaintiff has conceded her claims of age discrimination under both the ADEA and the PHRA, and her claim of gender discrimination under the PHRA. [ECF No. 40].[1] Thus, the only claim left pending before this Court is Plaintiff's gender discrimination claim under Title VII, which is now ripe for consideration.

## B.     Relevant Factual History[2]

In 2008, Defendant instituted an Apprentice Training Program ("ATP") to prepare participants for positions in manufacturing management. (ECF No. 33, Defendant's Concise Statement of Material Facts, at ¶ 6). In particular, the goal of the ATP is "to provide a pool of qualified candidates for PTA [Process Technical Advisor], QTA [Quality Technical Advisor], MTA [Materials Technical Advisor], AME [Advanced Manufacturing Engineer] open positions." (Id. at ¶ 7). The ATP is a four year program consisting of an initial six-month period of hands-on manufacturing process training at a technical educational facility, followed by seven six-month rotations through Defendant's manufacturing facility to obtain practical, on-the-job training. (Id.

---

[1] Plaintiff's opposition brief was preceded by Plaintiff's filing of a motion to strike declarations of Kerry L. Hamilton, Gabriel F. Miehl, and Molly K. O'Brien, which were submitted in support of Defendant's motion for summary judgment. [ECF No. 38]. Defendant has filed a brief and affidavit in opposition to this motion. [ECF Nos. 43, 44]. By separate Order filed contemporaneously with this Report and Recommendation, this Court has denied Plaintiff's motion for the reasons more fully set forth in that Order.

[2] The pertinent facts set forth herein have been gleaned from Defendant's Concise Statement of Material Facts [ECF No. 33], to the extent they have either been admitted by Plaintiff or are amply supported by the record evidence.

at ¶ 8). ATP participants are required to take a prescribed program of college level courses at Penn State- Behrend, where they were required to maintain at least a C grade point average. (Id. at ¶ 9). During their last year of participation in the program, ATP participants are able to apply for open positions of their choosing; however, the program does not guarantee job placement with Defendant. (Id. at ¶¶ 10-11). Under Defendant's established process, if an ATP participant does not secure a regular, open position before the end of the four-year program, his or her employment with Defendant is terminated. (Id. at ¶ 13).

During the Fall of 2008, Plaintiff submitted an application for acceptance into the ATP. (Id. at ¶ 14). On January 5, 2009, Defendant hired Plaintiff as one of ten participants in Apprentice Class 2 of the ATP (Id. at ¶ 16), and she continued in the program until February 2013. During this time, Plaintiff took courses in the Mechanical Engineering Technology program at Penn State-Behrend, but failed to maintain at least a C grade point average at any time during the program. (Id. at ¶¶ 21-22). Nevertheless, Plaintiff was given "a break" and allowed to complete the program, despite the fact that no other participant in the ATP was allowed to finish the program with less than a C grade point average (Id. at ¶¶ 25-27). In particular, two male participants in Apprentice Class 1 were terminated from the program, and as employees of Defendant, after they failed to uphold a C grade point average. (Id. at ¶ 70).

From April 30, 2012 through January 8, 2013, Plaintiff applied for twenty-two open positions, but was not selected for any of them. (Id. at ¶¶ 28, 58). Because Plaintiff was not able to secure an open position before the end of her participation in the ATP, her employment with

Defendant was terminated on February 15, 2013.³ One other participant in Plaintiff's Apprentice Class 2 – Kimberly Learn ("Learn") - was also terminated from her employment with Defendant because she was unable to secure an open position before completing the program. (Id. at ¶ 64). Since 2008, every other female ATP participant who completed the program was hired into an open position and remains employed with Defendant. (Id. at ¶ 68).

### C. Standard of Review

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (19896). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 quoting Fed.R.Civ.P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330. See also Andreoli

---

³ Due to a personal illness leave of absence taken by Plaintiff in 2011, Defendant extended Plaintiff's ATP completion date from January 5, 2013 to February 15, 2013, to allow Plaintiff more time to secure an open position. (ECF No.

v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). When a non-moving party would have the burden of proof at trial, the moving party has no burden to negate the opponent's claim. Celotex, 477 U.S. at 323. The moving party need not produce any evidence showing the absence of a genuine issue of material fact. Id. at 325. "Instead, … the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. After the moving party has satisfied this low burden, the nonmoving party must provide facts showing that there is a genuine issue for trial to avoid summary judgment. Id. at 324. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue.").

In considering these evidentiary materials, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." Scott v. Harris, 550 U.S. 372, 378 (2007) (internal quotation marks and alterations omitted). See also Doe v. Cnty. of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001) (when applying this standard, the court must examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment).

When considering a motion for summary judgment, the court is not permitted to weigh

---

33 at ¶¶ 55-56).

the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson., 477 U.S. at 248, 255 ("only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 249. The court may consider any evidence that would be admissible at trial in deciding the merits of a motion for summary judgment. Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993).

### D. Discussion

In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the Supreme Court established a burden-shifting analysis to be used by courts in evaluating evidence in Title VII discrimination cases. Under this analysis, Plaintiff must first establish a *prima facie* case, which is considered sufficient to create a presumption of discrimination. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000); Shaner v. Synthes, 204 F.3d 494, 500 (3d Cir. 2000). Once a prima facie case is established, the employer must then articulate a legitimate, non-discriminatory reason for the adverse employment action it took against the plaintiff. Shaner, 204 F.3d at 500. The employer need not persuade the court that it was actually motivated by the proffered reasons, but needs only to raise a factual issue as to whether it discriminated against the plaintiff. This burden is satisfied if the employer "simply 'explains what [it] has done' or 'produc[es] evidence of legitimate nondiscriminatory reasons.'" Board of Trustees of Keene

State College v. Sweeney, 439 U.S. 24, 25, n.2 (1978). Thus, "the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 257 (1981).

Once the employer has met its relatively light burden of articulating a legitimate reason for the adverse employment decision, the burden shifts back to the plaintiff to show by a preponderance of the evidence that the employer's proffered explanation is pretextual. Id. Plaintiff may meet this burden either directly, by persuading the court that the employer's action was more likely motivated by a discriminatory reason, or indirectly, by showing that the employer's proffered explanation is unworthy of credence. See McDonnell Douglas, 411 U.S. at 804-805.

Throughout this burden-shifting paradigm the ultimate burden of proving intentional discrimination always rests with the plaintiff. See Burdine, 450 U.S. at 253-256. Plaintiff may meet this burden if her "prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves, 530 U.S. at 148.

### a. *Prima Facie* Case

In order to establish a *prime facie* case of gender discrimination under Title VII, the Plaintiff must prove that:

    (i)    she belongs to a protected class;
    (ii)   she was qualified for the position at issue;
    (iii)  she was subjected to an adverse employment action; and
    (iv)  the circumstances of the adverse employment action give rise to an inference of unlawful discrimination such as similarly-situated

individuals, not members of a protected class, receiving more favorable treatment.

Jones v. School District of Philadelphia, 198 F.3d 403, 410-11 (3d Cir. 1999); Bielich v. Johnson & Johnson, Inc., 6 F.Supp.3d 589, 604 (W.D.Pa. 2014).

Reasonably construing Plaintiff's claim as an unlawful discharge claim under Title VII, Defendant argues in its motion that Plaintiff has failed to satisfy the fourth element of her *prima facie* case because she was treated the same or better than other male participants in the ATP. In particular, Defendant notes that Plaintiff was allowed to remain in the program despite her failure to maintain a C grade point average, while two male participants in another ATP class were discharged for failing to meet the grade requirement. In addition, Defendant points out that both Plaintiff's and Learn's program end dates were extended, while no male participant in the ATP has had his end date extended since the program's inception. These facts are not rebutted by Plaintiff in her opposition brief, nor are they controverted by any evidence of record. Thus, the Court agrees that Plaintiff has failed to meet her burden of establishing a *prima facie* case of gender discrimination under Title VII to the extent her claim relates to her discharge from employment with Defendant.

Nonetheless, in her opposition brief, Plaintiff contends that she has sufficiently set forth a *prima facie* case of gender discrimination in the context of a failure to promote or hire claim. The elements of a failure hire or promote claim are substantially similar to a wrongful discharge claim, except that the fourth prong of the *prima facie* case must show that Plaintiff "was at least as qualified as the person selected for the position." Scheidemantle v. Slippery Rock Univ. State Sys. v. Higher Educ., 470 F.3d 535, 539 (3d Cir. 2006); Pinckney v. County of Northampton, 512 F.Supp. 989, 998 (E.D.Pa. 1981), aff'd 681 F.2d 808 (3d Cir. 1982).

Here, the only position at issue, for which Plaintiff applied, is Material Technical Advisor (Job No.1592085), which was filled by Edin Alicusic ("Alicusic"), a male participant in Plaintiff's ATP class. (ECF No. 33, Defendant's Concise Statement of Material Facts, at ¶ 29).[4] Plaintiff was notified that she had not been selected for the position on September 9, 2012. (Id. at ¶ 42). According to Plaintiff's Annual Performance Appraisal ratings as an ATP participant during the preceding three years, Plaintiff was noted as "consistently meet[ing] expectations" in the areas of "performance" and "growth values," and was deemed a "strong contributor" overall. (Id. at ¶ 43). These ratings support Plaintiff's assertion that she was qualified for the position; however, they do not establish that she was at least as qualified as the person selected for the position, which Plaintiff is required to demonstrate in support of a failure to promote or hire claim. In fact, a comparison of Plaintiff's performance appraisal ratings to the following ratings received by Alicusic over the same period of time reveal that Alicusic's ratings consistently exceeded Plaintiff's:

| | | |
|---|---|---|
| 2009: | Performance: | Exceeds Expectations |
| | Growth Values: | Consistently Meets Expectations |
| | Overall: | Excellent |
| 2010: | Performance: | Consistently Meets Expectations |
| | Growth Values: | Exceeds Expectations |
| | Overall: | Excellent |
| 2011: | Performance: | Exceeds Expectations |

---

[4] One other position highlighted by Plaintiff is Environmental Health and Safety Generalist (Job No. 1672284); however, Plaintiff readily acknowledged at her deposition that she did not possess the minimum qualifications for this job. (ECF No. 33, at ¶¶ 34, 49; ECF No. 40-3, Guzowski deposition, at p. 138-142). Thus, Defendant correctly argues that Plaintiff cannot satisfy the second prong of her *prima facie* case with regard to her failure to obtain this position. As for the remaining positions for which Plaintiff applied, Plaintiff admits that she does not know who filled those positions, how many people applied for those positions, the qualifications of those individuals, or whether she was equally or more qualified for those positions. (ECF No. 33, ¶¶ 30-33; ECF No. 40-3, Guzowski deposition, at pp. 146-150). Thus, these positions are not amenable to the Court's scrutiny.

      Growth Values:  Exceeds Expectations
      Overall:     Role Model

(Id. at ¶ 44).[5]

Moreover, Alicusic worked several materials-related positions during his ATP rotations, including Materials Planner, Materials Technical Advisor, and Materials Controller, while Plaintiff worked only as a Materials Technical Advisor. (Id. at ¶¶ 20, 46). Based on the foregoing, Plaintiff cannot demonstrate that she was at least equally qualified as Alicusic for the position. As a result, Plaintiff is unable to establish a *prima facie* case of gender discrimination under Title VII in the alternative context of a failure to promote or hire claim.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion for summary judgment [ECF No. 31] be granted.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P.

---

[5] The following Rating Scale, from best to worst, applied to the Annual Performance Appraisals for the years 2009 through 2011:
  Performance and Growth Values

- Exceeds Expectations
- Consistently Meets Expectations
- Development Needed

  Overall

- Role Model
- Excellent
- Strong Contributor
- Development Needed
- Unsatisfactory

(Id. at ¶ 45).

72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u><br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Dated: June 16, 2016

cc: The Honorable Barbara Rothstein
    United States District Judge