# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# AT ERIE

| | | |
|---|---|---|
| KIMBERLY GUZOWSKI, | ) | Civil Action No. 14-246 Erie |
|     *Plaintiff,* | ) | |
| | ) | District Judge Barbara Rothstein |
| v. | ) | |
| | ) | ORDER ADOPTING |
| GE TRANSPORTATION, | ) | MAGISTRATE'S |
|     *Defendants*. | ) | RECOMMENDATION TO GRANT |
| | ) | SUMMARY JUDGMENT |

## ORDER

Plaintiff Kimberly Guzowski brought this civil action against Defendant GE Transportation, alleging that Defendant terminated Plaintiff's employment based on impermissible considerations of age and gender. Defendant moves for summary judgment. In her Opposition to Defendant's Motion for Summary Judgment, Plaintiff conceded her age discrimination claims, and thus the sole remaining claim is Plaintiff's allegation of gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. In her Report & Recommendation on Defendant's Motion, Magistrate Judge Susan Baxter concluded that Plaintiff had failed to make out a prima facie case of gender discrimination and recommended that Defendant's Motion for Summary Judgment be granted. Plaintiff now objects to this Recommendation, arguing that the legal standard applied to Plaintiff's evidence held her to a higher burden than necessary under applicable precedent. Because the Court agrees with the analysis set forth in the Report, the Recommendation is adopted, and Defendant's Motion for Summary Judgment is granted.

1

To establish a prima facie case of gender discrimination under Title VII, a plaintiff must prove that: (1) she was a member of a protected class, (2) she was qualified for the position, (3) despite her qualifications she was rejected for the position, and (4) she was rejected for the position "under circumstances that give rise to an inference of unlawful discrimination." Waldron v. SL Indus., Inc., 56 F.3d 491, 494 (3d Cir. 1995) (citing Tx. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)).  To create an inference of discrimination, a plaintiff's evidence must show that she was at least "as qualified as" the person selected for the job. Pinckney v. Northampton Cty., 512 F. Supp. 989, 998 (E.D. Pa. 1981), aff'd Pinckney v. Cty. of Northampton, 681 F.2d 808 (3d Cir. 1982).  In her Report, Magistrate Judge Baxter concluded that Plaintiff's evidence fell short of establishing a prima facie that she had faced discrimination in seeking the position of materials technical advisor, because she failed to satisfy this fourth element.  This Court reviews the Magistrate Judge's finding *de novo*.  See 28 U.S.C. § 636(b)(1)(C).

When determining whether a plaintiff was at least as qualified as the selected person, courts look to the hiring decision.  Scheidemantle v. Slippery Rock Univ. State Sys. Of Higher Educ., 470 F.3d 535, 541 (3d Cir. 2006) (citing Pinckney, 512 F. Supp. 989 at 998).  A showing that the plaintiff met the basic hiring requirements is not the only demonstration that a plaintiff must make in order to satisfy the fourth element of a prima facie case.  See Pinckney, 512 F. Supp. 989 at 998.  Rather, a plaintiff must demonstrate that the selected person had equivalent or lesser qualifications than the plaintiff.  See id.

Plaintiff completed an apprenticeship training program sponsored by Defendant and, at the conclusion of the program, sought a materials technical advisor position.  Plaintiff was not selected for the position, which was given to a male candidate, Edin Alicusic.  Alicusic had

2

successfully maintained a C or higher grade point average, as required to stay in the training program, while Plaintiff failed to maintain a C grade point average (but nonetheless was allowed to continue the program). Guzowski Dep., Doc No. 32-2, at 110–12; Brown Dep., Doc No. 32-1, at 28-29. Alicusic also worked in three different materials-related positions during the training program, while Plaintiff worked in only one materials-related position. Hamilton Decl., ¶ 8; Guzowzki Dep., Doc. No. 32-2, at 63–75. Further, Alicusic received higher performance appraisal ratings than Plaintiff for each of the three years they participated in the training program. See Decl. of Kerry L. Hamilton, Doc No. 32-7, at 6–72. In his final year of training, Alicusic received a rating of "role model"—the highest possible rating. Id. Based on this information, Magistrate Judge Baxter concluded that Plaintiff had failed to show that she was as qualified as Alicusic and recommended that Defendant's Motion be granted.

Plaintiff objects, arguing that she is not required to show that that she was equally as qualified as the applicant selected for the position, but only that she had "equivalent minimal qualifications." Pl.'s Objections at 2. Plaintiff's proposition, however, was rejected in Pinckney, which held that a plaintiff "must show more than just her minimum qualifications." 512 F. Supp. at 998. Furthermore, the case that Plaintiff cites in support of her argument, Nunn v. NHS Servs., 110 F. Supp. 3d 554 (E.D. Pa. 2015), actually held that a plaintiff satisfies the fourth element by demonstrating that "someone of lesser or equivalent qualifications" was selected over the plaintiff. 110 F. Supp. 3d 554 at 565. In Nunn, the court discussed the hiring requirements for the position at issue, but Nunn does not hold that a plaintiff must show only that she has met basic hiring requirements. Instead, Nunn stands for the proposition that a plaintiff cannot possibly be as qualified as the selected candidate when the plaintiff fails to meet the minimum hiring requirements, which the selected candidate met. See id. at 566. Because Magistrate Judge

3

Baxter applied the appropriate legal standard, and correctly found that Plaintiff had not shown that she was equally qualified as Alicusic, Plaintiff's objections to the Report & Recommendation are overruled. The Recommendation is adopted.

## Conclusion

Having reviewed the Magistrate's Report & Recommendation, as well as Plaintiff's Objections, the Court adopts the Magistrate's Report & Recommendation. For the reasons set forth in the Report, Defendant's Motion for Summary Judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: August 8, 2016

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE